## Frederick W. Fippinger, Appellee, v. Henry Ullrich, Appellant.

### Gen. No. 17,394.

1. ESCROWS—*negotiable instruments.* Where a note held in escrow is to be delivered to plaintiff upon the consummation of a certain transaction, and the contract is never consummated, it is improper to allow plaintiff to recover on it.

2. ATTACHMENT—*evidence necessary to sustain.* In an attachment on the ground that defendant has fraudulently disposed of his property so as to hinder and delay his creditors, it is incumbent on plaintiff to show by a preponderance of the evidence that the conveyances were made with an actual fraudulent intent to hinder and delay creditors.

3. APPEALS AND ERRORS—*cost of unnecessary abstract.* Where there is no occasion for the filing by appellee of a supplemental or additional abstract of the record, his motion to tax the cost of the same against appellant is properly denied.

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed April 9, 1913.

GEORGE M. BOYD, for appellant.

BENNISON F. BARTEL, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

On July 13, 1910, appellee sued out a writ of attachment in the County Court to secure a claim for $1,000, alleged to be due him from appellant, and said writ was levied on certain real estate in Melrose Park in Cook County. The affidavit of appellee sets forth, as grounds for issuing the writ, that appellant "has within two years last past, fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder and delay his creditors; and has within two years last past, fraudulently concealed or disposed of his

property, so as to hinder and delay his creditors; and is now about fraudulently to conceal, assign, or otherwise dispose of his property or effects, so as to hinder or delay his creditors.''

The alleged claim of appellee, as stated by him, is ''for commissions on real estate sales amounting to $975, and an agreed balance of $25 for rent, for which appellant had executed his promissory note, dated December 14, 1909, and due January 2, 1910.''

Issues were made upon appellant's verified plea traversing the several grounds for attachment and upon proper pleas denying the execution of the note and the alleged indebtedness, and a trial of such issues resulted in verdicts in favor of appellee upon both issues and judgment against appellant.

On or about March 1, 1909, appellant, who was engaged in the sale of real estate owned or controlled by him, located in Melrose Park and in the states of Michigan and Wisconsin, employed appellee in the capacity of a salesman to procure purchasers for said real estate in Melrose Park, and appellee continued in such employment until September following. The terms of the employment are disputed. The evidence introduced on behalf of appellee tends to show that appellant agreed to pay him a commission of 10% upon all sales made by him, and to allow him as an advancement upon such commissions $15 per week, and that the amount of the commissions earned by appellee was to be ascertained and determined every 6 or 7 months, while the evidence introduced on behalf of appellant tends to show that he agreed to pay appellee a commission of 5% upon all such sales, together with a like advancement of $15 per week, and that the amount of appellee's commissions was to be ascertained. and paid when the purchaser made final payment.

It is admitted by appellee that he received the advancement of $15 per week during the time he was employed by appellant, and his claim for unpaid com-

missions amounting to $975 is the difference between the amount of such commissions and the total amount of the weekly advancements, which it is agreed was $365.

Upon the other issues of fact involved relating to whether the specific sales claimed to have been made by appellee were made by him or by appellant or by other salesmen employed by appellant, the evidence is irreconcilably conflicting. While the evidence, as it appears in the record, would, in our judgment, have warranted a finding for appellant upon the issues of fact above stated, we cannot say that the finding of the jury upon such issues is against the manifest weight of such evidence.

The evidence bearing on the question of appellant's liability upon a note for $25 is wholly insufficient to justify a recovery thereon. Appellee's own version of the transaction, while somewhat obscure and unintelligible, precludes a recovery by him on the note. The note appears to have been made payable to the order of appellee and signed by appellant and deposited, together with certain contracts and deeds, with one Soffel, in escrow, to be delivered to appellee upon the consummation of a transaction, which was never in fact consummated. The note was never delivered to or in the possession of appellee and was not produced at the trial.

The only evidence offered by appellee in support of the grounds of attachment stated in the affidavit consisted of certain conveyances by Jane S. Haven and by the Chicago Title and Trust Company, as trustee under the will of Samuel R. Haven, to Lydia Ullrich, the wife of appellant, of certain lots in Melrose Park, part and parcel of the real estate for which appellant and his salesmen sought to procure purchasers. A statement in detail of the transactions, as disclosed by the evidence offered on behalf of appellant, whereby said real estate was acquired, and the conveyances therefor were made by the owners to the wife of ap-

pellant would unduly extend this opinion and would serve no useful purpose.

There is no evidence tending to show any actual fraudulent intent on the part of appellant with respect to the conveyances of said real estate to his wife, but the uncontradicted evidence discloses that said real estate was acquired with the independent means of his wife; that appellant owned other real estate, the title to which was in his own name, and that he was solvent at and since the time the writ of attachment was issued.

To justify the issuance of the writ of attachment here involved it was incumbent upon appellee to show by a preponderance of the evidence that the conveyances in question were procured to be made by appellant with an actual fraudulent intent on his part to hinder and delay his creditors. Wadsworth v. Laurie, 164 Ill. 42; Murry Nelson & Co. v. Leiter, 190 Ill. 414; McNeil & Higgins Co. v. Plows & Co., 83 Ill. App. 186.

Upon the evidence adduced the trial court should have given to the jury the peremptory instruction tendered by appellant as to the issues involved in the attachment.

There was no occasion for the filing by appellee of a supplemental or additional abstract of the record, and his motion to tax the cost of the same against appellant is denied.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*